*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMERICAN FRIENDS SERVICE COMMITTEE,

Plaintiff-Appellant,

v

DEPARTMENT OF CORRECTIONS,

Defendant-Appellee.

UNPUBLISHED
February 20, 2026
10:31 AM

No. 373489
Court of Claims
LC No. 23-000138-MZ

Before: LETICA, P.J., and RICK and BAZZI, JJ.

RICK, J. (*concurring*).

I concur in the rationale and the conclusions reached by the majority in this matter. I write separately for another reason—to urge the legislature to amend Michigan's FOIA statute, MCL 15.231 *et seq*., to enable governmental entities that are governed by FOIA the ability to meaningfully waive fees for those persons who are indigent. It is my opinion that doing so would preserve the explicit purpose of FOIA in a meaningful way.

The stated purpose of Michigan's FOIA statute is to provide all persons, with the exception of individuals who are incarcerated, access "to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process." MCL 15.231(2); see also *Practical Political Consulting v Secretary of State*, 287 Mich App 434, 462-463; 789 NW2d 178 (2010) (reaffirming that FOIA's purpose is to facilitate public access to public records and promote governmental transparency). This provision underscores the importance of access to governmental records to preserve democracy and enable the electorate to otherwise hold the government accountable.

Recently, in *Aoun v Dearborn*, unpublished per curiam opinion of the Court of Appeals, issued April 14, 2025 (Docket No. 369102),[1] this Court considered and upheld a challenge to FOIA's indigency waiver provision, MCL 15.234(2)(a). There, the plaintiff sought certain emails and text messages of various Dearborn, Michigan officials. *Aoun*, unpub op at 1. The plaintiff established indigency and the city did not dispute that fact. *Id*. The city determined that the total cost for production was $13,604.86. *Id*. With the indigency discount of $20.00 permissible under MCL 15.234(2), coupled with a late response assessment, the city charged plaintiff $12,905.87. *Id*. The plaintiff subsequently filed suit against the city, challenging both the minimal discount as well as an hourly fee charged by the city for the fulfillment of FOIA requests. *Id*., unpub op at 2. The city successfully moved for summary disposition under MCR 2.116(C)(8) and (10). *Id*., unpub op at 2-3. Our Court ultimately affirmed the trial court's decision. *Id*., unpub op at 5.

Regarding the indigency fee discount of $20 as contained in the FOIA statute, this Court reasoned as follows:

> Here, the issue is whether plaintiff is entitled to a discount greater than the $20 given to him by defendant. MCL 15.234(2) controls the outcome, and it states, in relevant part:
>
>> (2) . . . A search for a public record may be conducted or copies of public records may be furnished without charge or at a reduced charge if the public body determines that a waiver or reduction of the fee is in the public interest because searching for or furnishing copies of the public record can be considered as primarily benefiting the general public. *A public record search shall be made and a copy of a public record shall be furnished without charge for the first $20.00 of the fee for each request by either of the following*:
>>
>> (a) An individual who is entitled to information under this act and who submits an affidavit stating that the individual is indigent and receiving specific public assistance or, if not receiving public assistance, stating facts showing inability to pay the cost because of indigency. *If the requestor is eligible for a requested discount, the public body shall fully note the discount on the detailed itemization described under subsection (4)*. [MCL 15.234(2)(a) (emphasis added).]
>
> * * *
>
> MCL 15.234(2) clearly states that indigent individuals and certain nonprofit organizations are entitled to receive copies without charge for the first $20 of the

---

[1] Unpublished decisions of this Court are not binding under the rule of stare decisis but may nevertheless be considered for their instructive or persuasive value. *Youmans v Charter Twp of Bloomfield*, 336 Mich App 161, 217; 969 NW2d 570 (2021), citing MCR 7.215(C)(1).

fee. Any statutory reductions beyond that are not listed in plaintiff's brief, nor does he cite to case law that requires defendant to provide plaintiff a greater discount.

* * *

Even if we were to consider plaintiff's additional arguments, we note that none of his arguments alter the fact that the trial court properly relied on the clear language of MCL 15.234(2). This statute explicitly outlines the framework for deductions from fees, setting forth a permissible deduction amount of $20. Therefore, regardless of any supplementary claims made by plaintiff, the statutory language clearly supports the actions taken by defendant in this instance. The defined parameters set forth in MCL 15.234(2) allow for a $20 deduction from fees, which is precisely what plaintiff received from defendant. [*Aoun*, unpub op at 3-4 (emphasis in original).]

I emphatically underscore that I agree with the outcome of the instant case for the reasons specified in the majority's opinion. I write separately to encourage the Michigan Legislature to consider revisiting the indigency provision of the FOIA statute, which has been in existence since FOIA was originally passed in 1976. See 1976 PA 442. Fifty years have since passed, and the $20 fee reduction has remained flat.[2] There are many examples of states that either allocate to the governing body the discretion to waive FOIA fees entirely due to indigency, or permit substantial or complete waivers.[3] This preserves the ability of the poor to fully participate in the democratic process, consistent with FOIA. See MCL 15.231(2).

---

[2] Twenty dollars in 1976 by today's standards, taking into account inflation, is valued at approximately $116.75. Chris Davis, *Inflation Calculator: US CPI and Dollar Value 1913-2026* <https://www.nerdwallet.com/investing/calculators/inflation-calculator> (accessed February 12, 2026). Notably, while the FOIA law anticipates funding units can and will increase their fees for reproduction costs, the Act provides no reciprocal enhancement for indigent persons.

Furthermore, every penny is of significant value to the poor. Twenty dollars may appear modest in the abstract to those with means, but for indigent persons, it can represent a meaningful share of available cash on hand. In practical terms, $20 may be the difference between meeting and missing a basic need. Individuals at or below the federal poverty threshold subsist on incomes that leave little to no margin for unexpected or discretionary expenses, such that even small sums take on outsized importance. See United States Department of Health & Human Services, *Poverty Guidelines* <https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines> (accessed February 11, 2026) (demonstrating that individuals at or below the federal poverty threshold subsist on incomes that leave little margin for unexpected expenses); Economic Security Project, *The Impact of Cash Transfers* <https://economicsecurityproject.org/resource/the-impact-of-cash-transfers/> (accessed February 11, 2026) (summarizing empirical research showing that even modest cash infusions improve food security, housing stability, and financial resilience in low-income households).

[3] See, e.g., Conn Gen Stat 1-212; NH Rev Stat Ann 91-A:4; Or Rev Stat 192.324; Tenn Code Ann 10-7-503; Wyo Stat Ann 16-4-204.

For these reasons, I concur.

/s/ Michelle M. Rick